# BOARD OF COUNTY COM'RS OF CREEK COUNTY v. VAUGHN *et al.*

No. 5552.   Opinion Filed October 5, 1915.

(152 Pac. 115.)

1.   **COUNTIES—Official Bond—Illegal Fees.** An official bond of a county officer is not liable for illegal fees allowed him by the county commissioners.

2.   **OFFICERS—Official Bond—Liability of Sureties.** Sureties on an official bond are only answerable for acts of their principal while engaged in the performance of some duty imposed by law, or for an omission to perform such duty.

3.   **COUNTIES—Officers—Illegal Fees—Right of Action.** While an action cannot be sustained upon an official bond of a county officer for fees wrongfully allowed him by the county commissioners, an action may be properly sustained against him, notwithstanding no appeal was taken within 20 days from the action of the county commissioners in allowing same, for the reason that in claiming and receiving said sums, to which he was not entitled, he was a trespasser, and upon proper action the county may properly recover for all amounts paid and allowed under his wrongful acts, by which he secured the allowance and payment of said illegal claims.

(Syllabus by Collier, C.)

*Error from District Court, Creek County; Wade S. Stanfield, Judge.*

Action by the Board of County Commissioners of Creek County against C. A. Vaughn and others. Judgment for defendants, and plaintiff brings error. Affirmed.

This is an action brought by plaintiff in error, hereinafter called county commissioners, to recover of defendants in error, hereinafter designated defendants, upon a bond executed by them in the following words and figures:

"I, C. A. Vaughn, duly appointed by the board of county commissioners of Creek county, Oklahoma, justice of the peace in and for Sapulpa township, Creek county, State of Oklahoma, as principal, and James McAllister and A. P. Crawford, as sureties, do hereby jointly and severally agree to pay, on demand, to each and every person who may be entitled thereto, all such sums of money as the said justice of the peace may become liable to pay on account of any moneys which may come into his hands by virtue of his office.

"Witness our hands this 12th day of October, 1908.

"C. A. VAUGHN, *Principal.*
"JAMES MCALLISTER,
"A. P. CRAWFORD, *Sureties.*"

In said action it is sought to recover the sum of $1,831.80, averred to have been wrongfully allowed by said county commissioners to the principal in said bond, C. A. Vaughn, as justice of the peace. The averments of the petition show the amounts, alleged to have been wrongfully allowed by the county commissioners and wrongfully collected by said justice of the peace, were allowed by said commissioners upon statements rendered by said justice of the peace, and that said amounts so allowed were in excess of any amounts allowed by law, and in part said allowances were made upon accounts not properly itemized. Defendants demurred to the petition, upon the ground that it failed to state a cause of action, which demurrer was sustained by the court, to which the county commissioners duly excepted, and elected to stand upon said petition, and judgment was rendered for de-

fendants. To reverse said judgment this appeal is prosecuted.

*Vick S. Decker,* Co. Atty. *(W. Morris Harrison,* of counsel), for plaintiff in error.

*McDougal & Lytle,* for defendants in error.

Opinion by COLLIER, C. (after stating the facts as above). There is but one question involved in this appeal, which is the liability upon the bond sued on. The bond is conditioned "to pay on demand to each and every person who may be entitled thereto all sums of money as the said justice of the peace may become liable to pay on account of any moneys which may come into his hands by virtue of his office." Upon this condition of the bond, the sureties have a right to stand, and are entitled to a strict construction thereof. The illegal allowances to said justice of the peace by said county commissioners, for which recovery is asked in this action, did not come into the hands of said justice of the peace by virtue of his office, and the sureties on said bond are not liable therefor.

In *Dysart v. Lurty,* 3 Okla. 601, 41 Pac. 724, it is said:

"Where an officer, while doing an act within the limits of his official authority, exercises such authority improperly, or exceeds his official powers, or abuses an official discretion vested in him, he becomes liable on his official bond to the person injured. But where he acts without any process, and without the authority of his office, in doing such act, he is not to be considered an officer, but a personal trespasser. The weight of authority seems to support the doctrine that sureties on an official bond are only answerable for the acts of their principal while engaged in the performance of some duty imposed upon him by law, or for an omission to perform some such duty"—citing a long list of authorities.

In *Lowe v. City of Guthrie*, 4 Okla. 287, 44 Pac. 198, which involved the obligation of the official bond of the city clerk, it was held:

"The statute requires the clerk to give a bond for the faithful discharge of the duties of his office. This comprehends every duty required of him by law or ordinance. It embraces the faithful accounting for, and payment to the city treasurer of, all moneys that shall come into his hands by virtue of his office."

And in the opinion it is said:

"Sureties on an official bond are only answerable for the acts of their principal while engaged in the performance of some duty imposed by law, or for an omission to perform such duty."

In *Jordan et al. v. Neer*, 34 Okla. 400, 125 Pac. 1117, it is held:

"To constitute color of office, such as will render an officer's sureties liable for his wrongful acts, something else must be shown besides the fact that in doing the act complained of the officer claimed to be acting in an official capacity."

Judge Brewer, in *Hughes v. Board of Com'rs of Okla. Co.*, 50 Okla. 410, 150 Pac. 1029, after referring to the above cases, says:

"Taking the doctrine of the cases noted as the settled rule in this state, it remains only to apply the rule to the facts before us. The clerk was not entitled to these sums; no authority of law can be found which authorizes him to claim or receive them. Likewise, and as a necessary sequence, the commissioners were without authority of law, power, or jurisdiction to pay them.   *   *   *   Therefore we are fully convinced that in claiming and receiving from Oklahoma county these sums, to which he was not entitled, he was a mere trespasser, if such a term may properly be applied to this kind of conduct; in other

words, these sums came into his hands in no sense *virtute officii,* and the most that can be said would be that they came into his hands *colore officii.* An officer's bond was not intended to, and does not, cover all the things he may do or fail to do while in office. Its purpose is to guarantee the officer's conduct and good faith in performing his official duties; and its obligation, as has been seen, extends only to such officer's sins of commission and omission in the performance of, or failure to perform, some duty of his office."

While the justice of the peace participated to the extent of making the claims, the real loss comes to the county of Creek by reason of the failure of the county commissioners to properly discharge their duties and to safeguard the funds of the county. To hold that the bond sued upon covers this wrongful act on the part of the county commissioners would be to extend the obligation of the bond to cover sums so wrongfully paid by the county commissioners, and for which the sureties had no intention to become liable. While it is true that this action cannot be sustained against the sureties, an action may properly be sustained against the justice of the peace, notwithstanding no appeal was taken within 20 days from the action of the commissioners in allowing the sums, for the reason that in claiming and receiving from Creek county the sums to which he was not entitled he was a mere trespasser; and upon proper action, if not barred by the statute of limitations, the county of Creek may properly recover from him all amounts allowed and paid him under his wrongful acts, by which he secured the allowance of and payment of said illegal claims.

It follows that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.