## STATE v. DAVIS *et al.*

No. 5105.    Opinion Filed May 2, 1916.

(158 Pac. 1138.)

1. **TAXATION—Payment of Tax—Persons to Whom Made.** In order to give validity to the payment of a tax, the payment must be made to the officer authorized by law to receive the same, or his duly authorized representative.

2. **SAME.** Section 7495, Rev. Laws 1910, requires the payment of an inheritance tax to be made to the county treasurer of the county in which the administration is pending, and a payment into the county court of said tax under an order of said court is not a payment and discharge of said tax.

(Same as paragraphs 1 and 2 of the syllabus in case No. 5577, **Rowie E. Pitman v. State of Oklahoma.** 59 Okla. —. 158 Pac. 1137, a companion case.)

(Syllabus by Collier, C.)

*Error from District Court Creek County;*
*Wade S. Stanfield, Judge.*

Action by the State against Josiah G. Davis and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*S. P. Freeling,* Atty. Gen., for the State.

*Geo. L. Burke* and *F. L. Mars,* for defendants in error.

Opinion by COLLIER, C. Josiah G. Davis was the duly elected county judge of Creek county, and executed

a statutory bond as such county judge, said bond being conditioned—

"that the said Josiah G. Davis should faithfully and impartially perform all the duties of his office, and should pay over all moneys that should come into his hands as county judge, as required by law."

While serving as such county judge, the estate of Rowie E. Pitman, deceased, was being administered upon, upon which there was an inheritance tax due, and in obedience to the order of said court, Robert Pitman, as administrator of said estate, paid into court the sum of $6,750, taking from said Davis a receipt in the following words and figures:

"This is to certify that I have this day received from Robert Pitman, administrator of the estate of Rowie E. Pitman, deceased, the sum of $6,750, which sum has been placed in my hands for the purpose of a guaranty that the amount of the inheritance tax as finally determined will be paid, and to be held by the court pending the final decision of said matter; the surplus thereof to be returned to Robert Pitman, Sr., his heirs or assigns, as soon after the final determination of said matter as may be. It is understood that this money will be placed at interest in such bank as the county judge may designate, and that the heir will receive the benefit of the interest which accrues thereon in the interval in which it is held.

"Witness my hand and the seal of this court, at Sapulpa, Oklahoma, the 23d day of February, A. D. 1910.

"JOSIAH G. DAVIS, *County Judge*."

The term of office of said County Judge Davis expired, and another county judge was elected and qualified as his successor, to whom the said Davis refused and failed to deliver the said sum of $6,750. The State of Oklahoma,

having obtained judgment against the said administrator for the said inheritance tax in the sum of $1,170.80, together with interest thereon, brought this action against the bond of the said Davis, as county judge, setting up a receipt of said money as recited by the said Davis, and alleged as a breach of said bond the failure of the said Davis to pay over to his successor in office said money. To the petition in said cause the said Davis and the respective sureties on his bond as county judge filed separate demurrers upon several grounds, including the ground "that the petition did not state facts sufficient to constitute a cause of action," which demurrers were each sustained, to which action of the court in sustaining said demurrer the State of Oklahoma duly excepted, and, the state electing to stand upon its petition, judgment was rendered for the defendants, to which the State of Oklahoma duly excepted, and brings this appeal to reverse said judgment.

There is but one material question herein involved necessary to be determined. Did the money in question, paid by the said administrator into court, under the said order, come into the hands of the said Davis as county judge? The payment of the said inheritance tax could legally be made only to the county treasurer or his authorized deputy, and the payment into court by the administrator under the order of Davis was without warrant of law. Section 7495, Rev. Laws 1910.

"The payment of taxes, in order to be effective in relieving the person and property from liability, must be made to the officer primarily authorized to receive them, or at least some one legally delegated to act in his behalf in receiving and receipting for the taxes." (37 Cyc. 1158d; *Sherrick v. State,* 167 Ind. 345, 79 N. E. 193; *Auditor Public Accounts v. Western Union Tel. Co.,* 46

S. W. 704, 20 Ky. Law Rep. 469; *Young v. King*, 3 R. I. 196; *Tex., etc., R. Co. v. State*, 43 Tex. Civ. App. 580, 97 S. W. 142.)

"Sureties on an official bond are only answerable for the acts of their principal while engaged in the performance of some duty imposed by law, or for an omission to perform such duty." *(Hughes v. Board of Com'rs, Okla. County*, 50 Okla. 410, 150 Pac. 1029; *Board of Co. Com'rs of Creek County v. Vaughn*, 51 Okla. 609, 152 Pac. 115.)

In *Jordan et al. v. Neer*, 34 Okla. 400, 125 Pac. 1117, it is held:

"To constitute color of office, such as will render an officer's surety liable for his wrongful acts, something else must be shown besides the fact that in doing the act complained of the officer claimed to be acting in an official capacity."

In *Dysart v. Lurty*, 3 Okla. 601, 41 Pac. 724, it is said:

"The weight of authorities seems to support the doctrine that sureties on an official bond are only answerable for the acts of their principal while engaged in the performance of some duty imposed upon him by law, or for an omission to perform such duty" (citing a long list of authorities).

The payment made by the said administrator to Davis as county judge being without warrant of law, and a receipt of money by Davis which imposed no liability upon the bond sued upon in this action, the petition failed to state a cause of action, and the court properly sustained the demurrers thereto.

This cause should be affirmed.

By the Court: It is so ordered.