STUTSMAN *et al.* v. STATE *ex rel.* CALDWELL,
*County Attorney, et al.*

No. 6931.   Opinion Filed July 11, 1916.

(158 Pac. 1132.)

**COUNTIES—County Officers—Bonds of.** The official bond of a county officer is not liable for moneys illegally allowed to him as compensation for his official services by the board of county commissioners, and an action cannot be maintained upon said bond for the recovery thereof.

(Syllabus by the Court.)

*Error from District Court, Craig County;*
*Preston S. Davis, Judge.*

Action by the State of Oklahoma, on the relation of C. Caldwell, County Attorney in and for Craig County,

and others, against D. B. Stutsman and another. Judgment for plaintiffs, and defendants bring error.   Reversed.

*W. H. Kornegay,* for plaintiffs in error.

*Willard H. Voyles,* for defendants in error.

HARDY, J.   This action was commenced by the State of Oklahoma upon the relation of the county attorney of Craig county and the board of county commissioners of Craig county against the defendant D. B. Stutsman as district clerk of said county and the sureties upon his official bond, to recover certain sums alleged to have been paid him as compensation in the nature of per diem for attending the various terms of the district court of said county, and also a certain sum alleged to have been paid him in excess of the salary allowed by law, and a certain item alleged to have been paid him for services as a jury commissioner while filling the office of district clerk. Demurrer was filed to the petition, which was overruled, and answer and reply filed and cause submitted to the court upon an agreed statement of facts.   Judgment was rendered for plaintiff, and defendants prosecute error.

This case is one of a number that have reached this court involving questions similar to the ones here presented, and it has become the settled doctrine of this court that the sureties on the official bonds of a county officer are not liable in an action thereon for sums wrongfully allowed and paid to him as compensation for his official services other than that expressly allowed by law.   This is held upon the theory that the sureties on such bond are only answerable for the acts of their principal while engaged in the performance of some duty imposed by law, or for an omission to perform such duty; while the bond of a court clerk is liable for all moneys coming into his hands as such clerk

under the law and by virtue of his office which may be un-accounted for by him; sums illegally paid to him by the board of county commissioners, who are themselves charged with the duty of administering the county business and protecting its finances, are not within the obligations of the bond, as sums properly coming into his hands by virtue of his office. See *Hughes v. Board of Commissioners,* 50 Okla. 410, 150 Pac. 1029; *Board of Commissioners v. Vaughan,* 51 Okla. 609, 152 Pac. 115. All of the items involved are of the character mentioned, and therefore the sureties upon defendant Stutsman's bond would not be liable thereon for said amounts.

It is then insisted that as the items complained of were not within the terms of the bond, and as an action will not lie against the sureties thereon, judgment could not properly be rendered in this case against the defendant Stutsman. That this was an action upon the bond appears clear from the record. The bond was set out in the petition and a copy thereof attached and made a part thereof, and judgment was prayed against both the principal and the surety. The trial court and counsel so treated it. In a number of cases decided by this court, the question was not raised and judgments against both principal and surety upon bonds of county officers for items like those here involved were sustained. See *Huntington v. Board of Commissioners,* 44 Okla. 276, 144 Pac. 385; *Hamilton et al. v. Board of Commissioners,* 44 Okla. 379, 144 Pac. 386; *Russell v. Board of Commissioners,* 44 Okla. 301, 144 Pac. 580.

In *Hughes v. Board of County Commissioners, supra,* judgment was rendered against principal and surety for certain items paid a district clerk by way of compensation for official services, together with certain other matters wherein he was alleged to be in default. Upon review by

this court, it was held that the surety was not liable for the items received by the principal as compensation, and the judgment in that respect was modified as to the surety and affirmed as to the clerk. The question of the power of the court to render judgment against the clerk for said items in that litigation appears not to have been considered. In *Board of County Commissioners v. Vaughan, supra,* it was squarely held that an action could not be maintained upon the official bond of a justice of the peace for fees wrongfully allowed him by the board of county commissioners, and the judgment of the trial court in sustaining a demurrer to the petition in that case was affirmed.

The conclusion in the last-named case appears to be correct. When plaintiff framed its pleadings demanding judgment upon the bond, it was not entitled to claim judgment upon the liability created by law for the return of the moneys wrongfully received by the clerk, as such liability was not within the issues framed by the pleadings, nor was the question of such liability submitted to the court. But any judgment which the court might lawfully render must be within the issues as made by the pleadings in the case. In *Anglea v. McMaster et al.,* 17 Okla. 501, 87 Pac. 660, it was held:

"A judgment which is entirely outside of the issues of the case, and upon a matter not submitted to the court for its determination, is a nullity, and may be vacated and set aside at any time, on motion of a party, or any person affected thereby."

This case was quoted with approval and followed in *Rogers v. Bass & Harbour Co.,* 47 Okla. 786, 150 Pac. 706, where it was said:

"A judgment, which is entirely outside of any issue made by the pleadings or the evidence in the case, is a nullity."

See, also, *Reynolds v. Stockton*, 140 U. S. 254, 11 Sup. Ct. 773; 35 L. Ed. 464.

The judgment is therefore reversed.

All the Justices concur.