## SHELTON et al. v. STATE ex rel. CALDWELL, Co. Atty., et al.

No. 6964—Opinion Filed Jan. 2, 1917.

(162 Pac. 224.)

**1. Officers—Payment of Illegal Claim—Right to Recover.**

A public officer is entitled only to that compensation which is provided by law; and if he draws money from the public treasury, either for salary, fees, expenses, or extra compensation, he must be able to point to some constitutional or statutory authority, express or implied, which authorizes the same, and if he cannot do so, said sums of money may be recovered by proper action.

**2. Schools and School Districts—County Superintendent—Salary.**

The maximum salary of a county superintendent of public instruction, at the advent of statehood, was $1,200 per year.

**3. Same—Expenses.**

Such officer is not entitled to receive pay from the county for expenses incurred by him in attending teachers' meeting.

**4. Same—Extra Compensation.**

Such officer is not entitled to compensation for services performed as a member of the board of county examiners.

**5. Same—Compensation for Visits.**

Such officer is entitled to compensation for

visiting each school, but not for visiting each room in the school.

### 6. Officers — Official Bonds — Liability of Sureties.

A surety is not liable on the bond of a public officer for public money received by such officer outside the terms of the bond.

### 7. Limitation of Actions—Public Money—Recovery from Public Officer.

An action to recover public money from a public officer received by him without warrant or authority of law is barred in three years.

(Syllabus by Freeman, C.)

Error from District Court, Craig County; Preston S. Davis, Judge.

Action by the State, on the relation of C. Caldwell, as county attorney of Craig county, and others, against H. W. C. Shelton and the Southern Surety Company. Judgment for plaintiffs, and defendants bring error. Reversed as to the Southern Surety Company, and modified as to Shelton.

Kornegay & Probasco, for plaintiffs in error.

Willard H. Voyles, for defendants in error.

Opinion by FREEMAN, C. The parties hereto will be designated as they appeared in the court below.

On March 12, 1912, the state of Oklahoma, on the relation of C. Caldwell, as county attorney of Craig county, Okla., and the board of county commissioners of Craig county, Okla., filed their petition in the court below for the use and the benefit of said county of Craig, to recover from H. W. C. Shelton and the Southern Surety Company the total sum of $637.65.

The petition states that the defendant Shelton was the duly qualified and acting county superintendent of public instruction of Craig county for and during the period from the 16th day of November, 1907, to the 9th day of January, 1911; that as such public officer, he executed a bond to the state of Oklahoma and the county of Craig in the sum of $1,000, with the Southern Surety Company as surety thereon, and that the condition of the bond was that if the said Shelton should faithfully perform the duties of his office, then the bond should be void; otherwise to remain in full force and effect; that during the incumbency of his office, the said Shelton, at various times, presented illegal claims for various items to the board of county commissioners for allowance, and that the same were illegally allowed by said board, and afterwards illegally paid him by the treasurer of Craig county.

The petition is divided into two paragraphs. In the first paragraph several causes of action are stated, but no objection was raised to this, and therefore the commingling of the several causes of action in a single paragraph will not be noticed.

The first cause of action is to recover $7.77 as salary alleged to be in excess of $100 per month paid for the period from April 1, 1910, to July 1, 1910; the second is to recover the sum of $16.66 as excess salary for the month of July, 1910, paid in August, 1910; the third is to recover the sum of $16.67 as excess salary for the month of August, 1910, paid in September, 1910; the fourth is to recover the sum of $16.67 as excess salary for the month of September, 1910, paid in October, 1910; the fifth is to recover the sum of $16.66 as excess salary for the month of October, 1910, paid in November, 1910; the sixth is to recover the sum of $16.67 as excess salary for the month of November, 1910, paid in December, 1910; the seventh in to recover the sum of $16.67 as excess salary for the month of December, 1910, paid in January, 1911; the eighth is to recover the sum of $16.65 as excess salary for the period of time between January 1, and January 11, 1911, paid in January, 1911; the ninth is to recover the sum of $110.28, paid in various amounts and at various times to the defendant Shelton, as expenses incurred in attending teachers' meetings; the tenth is to recover the sum of $180 paid to the said Shelton at various times and in various amounts as fees for services performed as a member of the board of examiners of said county; the eleventh is to recover the sum of $38 paid to the defendant Shelton at various times and in various amounts for excess fees for visiting the public schools in said county.

The second paragraph states a single cause of action, to wit, to recover the sum of $184.95, paid to defendant Shelton for clerk hire during his term of office. All of said payments were made to said Shelton out of the public funds of said Craig county on claims presented by him to the board of county commissioners, and by said board allowed, and it is alleged that the payment of said claims was not authorized by law; and therefore the defendants were liable for the repayment of same with interest:

Defendants demurred to said petition, which was overruled by the lower court, and exceptions reserved. Afterwards each of the defendants filed separate answers, in which, among other things, there is alleged a gen-

eral denial; that the payments were proper, and if not so, the action was barred by the statute of limitation, and that the facts alleged stated no grounds of recovery against the Southern Surety Company, because they were outside the terms of the bond. It will be unnecessary to state further the grounds of the demurrer or the defenses set up in the answers, for the reason that they are sufficient to cover the following points: First. Whether the sums of money paid to and received by the said Shelton were without authority or warrant of law. Second. If so, were they within the obligations of the bond given? Third. If so, were they, or any part thereof, barred by limitation?

The case was tried in the court below upon an agreed statement of facts, a jury having been waived. By the agreed statement of facts it is admitted that the defendant Shelton was elected county superintendent of Craig county, Okla., in November, 1907, and qualified by taking the prescribed oath, and executing a bond unto the state of Oklahoma and the county of Craig, in the sum of $1,000, with the Southern Surety Company as surety, therein conditioned that if the said Shelton should faithfully perform the duties of his office, then the obligations of the bond should be void; otherwise to remain in full force and effect; that the board of county commissioners of Craig county, before the census of said county was known, for the purpose of fixing the basis of payment to public officers of said county, estimated the population of said county to be 18,000; that it was agreed by the board of county commissioners and the defendant Shelton that if the estimated population was too large, and thereby the defendant Shelton should receive too much salary, he should repay the excess; that by the assessor's census of said county, filed in 1908, the population of said county was shown to be between 14,000 and 15,000, and that the federal census ascertained in 1910, gave the population of said county between 17,000 and 18,000.

The said statement of facts further recites: That the said Shelton, during the period from April 1, 1910, to January 9, 1911, inclusive, filed claims for salary as county superintendent, with the county clerk of said county, and that said claims were allowed by the board of county commissioners of said county, and warrants issued therefor, which were paid to said Shelton out of the public funds of said county, as follows:

| No. | Date Filed. | Period of Service | Amt. | Amt. Paid. | |
|---|---|---|---|---|---|
| 3,947 | | April 1, 1910, to July 1, 1910 | $307.77 | $307.77 | $300.00 |
| 3,138 | 8/1/10 | July, 1910 | 116.66 | 116.66 | |
| 3,204 | 9/1/10 | Aug. 1910 | 116.67 | 116.67 | |
| 3,378 | 10/1/10 | Sept. 1910 | 116.67 | 116.67 | |
| 3,534 | 11/1/10 | Oct. 1910 | 116.66 | 116.66 | |
| 3,707 | 12/1/10 | Nov. 1910 | 116.67 | 116.67 | |
| 3,823 | 1/1/11 | Dec. 1910 | 116.67 | 116.67 | |
| 3,968 | 1/1/11 | Jan. 1-9, 1911 | 43.32 | 43.32 | |

That said Shelton, as such superintendent, filed claims for expenses of attending teachers' meetings during the period from April 8, 1908, to April 2, 1910, inclusive, with the board of county commissioners, which were allowed by said board and paid to said Shelton out of said public funds as follows:

| No. | Date Filed. | Amt. | Amt. Paid. |
|---|---|---|---|
| 235 | April 6, 1908 | $22.00 | $22.00 |
| 740 | Oct. 1, 1908 | 13.90 | 13.90 |
| 1,100 | Oct. 1, 1908 | 13.40 | 13.40 |
| 1,407 | Jan. 1, 1909 | 5.14 | 5.14 |
| 1,633 | April 1, 1909 | 15.89 | 15.89 |
| 2,074 | Sept. 7, 1909 | 21.95 | 21.95 |
| 2,645 | April 2, 1910 | 18.00 | 18.00 |

That the said Shelton, as said county superintendent, filed claims for compensation as a member of the board of county examiners of said county, for services during the period from April, 1908, to February 1, 1911, inclusive, and that the same were allowed by said board and paid him out of said public funds as follows:

| No. | Date Filed. | Amt. | Amt. Paid. |
|---|---|---|---|
| 389 | April 1, 1908 | $15.00 | $15.00 |
| 1,008 | Oct. 1, 1908 | 30.00 | 30.00 |
| 1,408 | Feb. 1, 1909 | 15.00 | 15.00 |
| 1,636 | April 1, 1909 | 15.00 | 15.00 |
| 1,885 | July 1, 1909 | 15.00 | 15.00 |
| 2,162 | Oct. 1, 1909 | 15.00 | 15.00 |
| 2,404 | Jan. 1, 1910 | 15.00 | 15.00 |
| 2,646 | April 1, 1910 | 15.00 | 15.00 |
| 2,947 | July 1, 1910 | 15.00 | 15.00 |
| 3,823 | Jan. 1, 1911 | 15.00 | 15.00 |
| 3,969 | Feb. 1, 1911 | 15.00 | 15.00 |

That the said Shelton as such superintendent, filed claims for visiting schools in said county during the period from April, 1909, to December, 1910, inclusive. That the same were allowed by said board and duly paid him out of said public funds, as follows:

| No. | Date of Filing. | Amt. | Amt. Paid. |
|---|---|---|---|
| 1,632 | April, 1909 | $32.00 | $32.00 |
| 2,072 | July, 1909 | 12.00 | 12.00 |
| 2,320 | Oct. 1909 | 36.00 | 36.00 |
| 2,406 | Jan. 1910 | 26.00 | 26.00 |
| 2,646 | April, 1910 | 37.00 | 37.00 |
| 3,525 | Nov. 1910 | 26.00 | 26.00 |
| 3,761 | Dec. 1910 | 11.00 | 11.00 |

That during the period from April, 1909, to December, 1910, there were only 142 schools in said county, but that the said schools contained 180 rooms, the pupils in

each room being taught by a separate teacher.

That the amounts claimed and drawn, as hereinbefore set forth, were in accordance with an opinion of the Attorney General, advising county officers; that written demand has been made for the repayment of the sums mentioned in plaintiff's petition; that the county commissioners had authorized the bringing of said action; and that the services for which claims were filed and paid, as hereinbefore stated, were actually rendered by the defendant.

The court below rendered judgment upon said agreed statement of facts for the plaintiff and against both defendants, on the several causes of action set out in paragraph 1, in the total sum of $452.60, with interest at 6 per cent. from March 12, 1912, but rendered no judgment upon the cause of action set out in paragraph 2.

The defendants filed their motion for a new trial, which was overruled, and exceptions were taken. Thereupon they appealed to this court.

1. It is settled law in this jurisdiction that a public officer, for the performance of the duties of his office, is entitled only to that compensation which is provided by law, and that before a public officer can rightfully draw money from the public treasury, either for salary, fees, expenses, or extra compensation, he must be able to point to some constitutional or statutory provisions, or some lawful contract, either expressed or implied, which justifies his claim to such money; and that if money be paid to such public officer without authority of law, the same may be recovered from him by proper action. Board of Commissioners of Grant Co. v Ernest, 45 Okla. 725, 147 Pac. 322; Anderson v. Board of Commissioners, Grant County, 44 Okla. 164, 143 Pac. 1145; Russell v. Board of Com'rs of Grant County, 44 Okla. 301, 144 Pac. 580; Huntington v Board of Com'rs of Grant County, 44 Okla. 276, 144 Pac. 385; Orendorff v. Board of Com'rs of Grant County, 44 Okla. 271, 144 Pac. 383; Zeigler v. Board of Com'rs of Grant County, 44 Okla. 266, 144 Pac. 381; Ticer v. State ex rel. Holt, County Attorney, 35 Okla. 4, 128 Pac. 495.

2. At the time of the advent of statehood, the maximum salary payable to a county superintendent of public instruction was $1,200 per year. Wilson's Revised and Annotated Statutes 1903, sec. 3057, as amended by section 1, art. 4, ch. 14, Session Laws 1903. The territorial laws, fixing the salaries of county officers, were extended over the state by section 18 of the Schedule to the Constitution, and they fixed the maximum salary for such public officers of the state during the time the defendant Shelton was such public officer, as stated above, at $1,200 per year. By reference to the agreed statement of facts it will be found that from April 1, 1910, to January 9, 1911, the defendant Shelton was paid $1,053.31, which was an overpayment of $124.32, as the amount paid him that much exceeds the maximum salary prescribed by law, and that said excess payment was without authority or warrant of law.

3. By reference, again, to the agreed statement of facts. it appears that the said Shelton, as county superintendent, was paid the sum of $110.28 as expenses for attending teachers' meetings. For the period during which these expenses were incurred, there was no law authorizing the payment of any sum for such services; consequently the payment of the said $110.28 to the said Shelton as such expenses was unauthorized and illegal.

4. By reference, again, to the agreed statement of facts, it will be seen that the defendant was paid the sum of $180 as compensation for his services as a member of the board of county examiners from April, 1908, to February 1, 1911. For such services performed during such period, the law did not authorize any compensation; consequently such payments were unauthorized and illegal.

5. By reference, again, to said statement of facts, it will be found that said Shelton was paid $180 as fees for visiting the public schools in said county, from April 1, 1909, to December, 1910, inclusive; but that during said period there were only 142 schools in said county, which said schools contained 180 rooms, with the pupils in each room taught by a separate teacher. Evidently the defendant Shelton and the board of county commissioners believed that said Shelton should be paid $1 per visit to each room, instead of $1 per visit to each school. In this they were in error. Compiled Laws 1909, section 7981, as recently construed by this court in the case of Carrico v. Couch, 45 Okla. 672, 146 Pac. 447. As a result thereof. the defendant Shelton was overpaid the sum of $38.

6. Is the Southern Surety Company liable upon the bond for the repayment of said sums of money? Notwithstanding said sums of money so paid to the said Shelton were illegally paid, and paid without authority or warrant of law, nevertheless the Southern Surety Company is not liable upon the bond therefor unless Shelton's acts touching same

are within the obligations of the bond. Sureties on an official bond are answerable only for the acts of their principal while engaged in the performance of some duty imposed by law, or for the omission to perform some such duty. But the presentation of said claims to said board by said Shelton, his securing their allowance, procuring the issuance of warrants therefor, and receiving the money upon said warrants, were no part of the public duties of said Shelton, nor an omission to do same, and therefore were without the terms of his bond. Hughes et al. v. Board of Com'rs of Oklahoma County, 50 Okla. 410, 150 Pac. 1029; Board of Com'rs of Creek County v. Vaughn et al., 51 Okla. 609, 152 Pac. 115. As a result thereof, the lower court erred in rendering judgment against the Southern Surety Company.

7. Defendants contend also that, if plaintiff could not recover against said surety, then the action could not be maintained against the principal in the bond, for the reason that the action was founded upon the bond. We do not believe that this principle is applicable here, because the petition is broad enough to cover both an action to recover the sums of money wrongfully obtained by said Shelton independent of said bond, as well as an action upon said bond.

8. The defendants further contend that this action was barred by statute of limitation. They insist that because this court in the above case of Hughes et al. v. Board of County Commissioners, cited with approval in the case of Board of County Commissioners of Creek County v. Vaughn et al., 51 Okla. 609, 152 Pac. 115, held that a public officer, who claimed and received public money to which he was not entitled, occupied the position somewhat of a trespasser, if such a term could properly be applied to that kind of conduct; therefore Shelton's receiving said sums of money was a tort, and the action to recover for the same was barred by the two-year period of limitation. In this they are in error. By use of such an expression, this court meant no more than that such public officer obtained and held said public money wrongfully and without authority of law, and could be forced to repay same, and did not intend that the principles of law applicable to tort-feasors should apply to him. The law raises an implied obligation on the part of a public officer to repay public moneys received by him illegally and without authority of law, and an action in the nature of assumpsit would lie for its recovery; consequently the three-year period of limitation would control in such a case. The public body would be entitled to recover all those sums of money illegally paid to such public officer within three years next before the filing of the action. In the case of the Board of County Commissioners of Woodward County v. Willett, 49 Okla. 254, 152 Pac. 365, L. R. A. 1916E, 92, this court applied the three-year period of limitation to an action brought to recover certain sums of public money paid to Willett as county attorney, without authority or warrant of law, and the principle announced therein, being identical with that here under consideration, is controlling. By reference, now, to the agreed statement of facts, it will be found that the said Shelton, within three years prior to the institution of this action, illegally received the following: $124 32 as excess salary; $55.85, unauthorized expenses for attending teachers' meetings; $120, unauthorized payment for services as a member of the board of examiners; and $38 as excess payments for visiting schools—making a total of $338.16; and the lower court erred in rendering judgment for the excess above that amount.

It is the opinion of the court that this action should be reversed as to the Southern Surety Company; that it should be modified as to the defendant Shelton, so that the judgment against him will be for the sum of $338.16, with interest at 6 per cent. from March 12, 1912, and, as modified, affirmed; and that the costs hereof be taxed equally between the said Shelton and the plaintiff below. It is so ordered.

By the Court: It is so ordered.