COUNTY SUPERINTENDENT OF SCHOOLS — PROHIBITION AGAINST RECEIVING COMPENSATION AS PROJECT DIRECTOR A Title III project budget may not be approved by the State Department of Education if such budget includes any additional compensation to be paid to the County Superintendent and/or Deputy County Superintendent acting in any capacity pursuant to the special project and thereby concurrently performing the regulatory duties pertaining thereto and receiving statutory compensation for the performance of such regulatory duties of the office of the County Superintendent of Schools. The Attorney General has considered your opinion request wherein you asked the following questions: "1. May the Title III project budget be approved by the State Department of Education if such budget includes an amount up to $4,200.00 to be paid to the County Superintendent of Tulsa County as project director or co-director while also serving as Superintendent, performing the regulatory duties pertaining thereto and receiving statutory compensation for the performance of such regulatory duties. "2. May the Title III project budget be approved by the State Department of Education if such budget includes funds to be paid to the Deputy County Superintendent of Tulsa County as project director or co-director while also serving as Deputy Superintendent, performing the regulatory duties pertaining there and receiving statutory compensation for the performance of such regulatory duties." Title 70 O.S. 3-3 [70-3-3] (1961) provides as follows: "The County Superintendent of Schools of each county shall receive from county funds the same salary and the same allowance for traveling expenses as is now provided by law,. . .and in addition he shall receive mileage, meals and lodging to professional meetings both inside and outside the State, providing further that such expense does not exceed the total amount set up in the County Superintendent's budget, and such salary shall be supplemented from State Funds by such amount of State aid as will provide a total compensation to the County Superintendent of Schools and will be equal to the salary that was provided by the State Aid Law (Article 18 hereof) for school district superintendent of schools with like qualifications and number of teachers under their supervision." A public officer is entitled only to that compensation which he is provided by law; and if he draws money from the public treasury, either for salary, fees, expenses or extra compensation, he must be able to point to some constitutional or statutory authority, expressed or implied, which authorizes the same, and if he cannot do so, said sums of money may be recovered by proper action, Shelton v. State, 62 Okl. 105, 162 P. 224 (1917). Section 70 O.S. 4-103 [70-4-103] of House Bill 1155, 33rd Legislature, First Session, provides in part as follows: "Notwithstanding any provisions herein above contained to the contrary, the State Board of Education is hereby authorized to apportion, from any appropriation provided for the purposes of this article, an amount equal to the difference between (1) the amount necessary to provide for the county superintendent of schools in each county in the state a salary computed on the basis of the minimum salary of teachers serving as superintendents of schools in school districts, and (2) an amount equal to the salary paid to such county superintendent of schools from county funds of the county of which he, or she, is county superintendent of schools. . . ." Section 4-105, supra, provides in part as follows: "The county superintendent of schools of each county shall have authority to appoint deputies in the number and at the compensation authorized by the county excise board for the county superintendent of public instruction of such county and the compensation of such deputies and other expenses of maintaining his office shall be payable from county funds. . ." The fact that an officer performs duties appertaining to another office does not entitle him to any compensation attaching to such office, Shelton v. State, supra. It has been held that a County Superintendent is not entitled to additional salary as an ex officio member of the County Board of Education, Camcio v. Couch, 45 Okl. 672, 146 P. 447, (1915) or for the performance of extra duties imposed on his office, Pickett v. Adams, 15 S.W. 865, 16 S.W. 132, 12 Ky. Law 957. Obviously, the identical prohibitions applied to County Superintendents would be also applicable to Deputy County Superintendents. It is, therefore, the opinion of the Attorney General that your two questions be answered in the negative. A Title III project budget may not be approved by the State Department of Education if such budget includes any additional compensation to be paid to the County Superintendent and/or Deputy County Superintendent acting in any capacity pursuant to the special project and thereby concurrently performing the regulatory duties pertaining thereto and receiving statutory compensation for the performance of such regulatory duties of the office of the County Superintendent of Schools. (Larry L. French)