———o———

THE STATE, EX REL. ROBERTS ET UX., *v.* FLEMING ET AL.

GUARDIAN AND WARD.—*Surety.—County Clerk.*—The statute not having made it one of the duties of the county clerk to receive money due a ward from a guardian, upon the settlement of the guardianship, though deposited with the clerk by order of the court, the guardian and the surety on his bond are liable to the ward, if the clerk converts to his own use money so deposited.

From the Crawford Common Pleas.

*S. K. Wolfe*, for appellants.

*W. N. Tracewell* and *E. M. Tracewell*, for appellees.

BUSKIRK, J.—This was an action upon a guardian's bond. The complaint shows that the appellee Fleming was the guardian of the relatrix, Lucinda Roberts; that as such guardian he filed the bond in suit with Cole as his surety; that said guardian has in his hands the sum of five hundred dollars belonging to his ward; that his ward was married in 1869, and arrived at full age of twenty-one years before the commencement of the action; that said guardian has never accounted; that on the 24th day of May, 1865, said guardian resigned his trust and wrongfully and without authority of law, and in violation of his duty, deposited said money with one James M. Lemonds, clerk, who had no authority to receive the same, and who has failed to pay the same to the relatrix.

The cause was tried by the court upon an agreed statement of facts, and resulted in a finding for the appellee.

The agreed statement of facts is in the record by a bill of exceptions and fully sustains the material averments of facts in the complaint, leaving the simple question of law to be decided by the court, as follows:

"It is further agreed by the parties that if said order of the court and the payment and deposit by said guardian under it are valid and sufficient to discharge said guardian from liability on said bond, then the finding of the court and judgment shall be for the defendants, otherwise, to be for the plaintiff; the amount shall be the amount so paid to and deposited with the said clerk and six per cent. interest on the same to date, and ten per cent. damages on said principal and interest."

This action was brought to recover from the guardian the same money for which the action in the name of the State, on the relation of the same parties, against Scott and Archibald (*ante*, p. 203,) was brought. In that case, we held that the sureties of the clerk were not responsible for the money paid by Fleming, the guardian, to such clerk, under the order of the court. It necessarily results that the guardian is responsible for such money. This is a very great hardship upon the guardian, who acted in good faith and with the best of motives. The responsibility does not rest with the courts, but the legislature, whose attention has time and again been called to the question and the necessity for legislation urged upon their consideration, but it has all been in vain.

The amount paid by the guardian to the clerk on the 24th day of May, 1865, as shown by the agreement, was one hundred and sixty-eight dollars and sixty-five cents. The plaintiff is entitled to recover that sum with six per cent. interest and ten per cent. damages. There is no necessity for a new trial, the facts all being agreed upon.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to render a judgment for the plaintiff for one hundred and sixty-eight

dollars and sixty-five cents, with six per cent. interest from. the 24th day of May, 1865, with ten per cent. damages on. the aggregate of principal and interest.