## JONES v. WELSING.

1. **Taxes:** TREASURER'S RECEIPT: DEPUTY COLLECTOR. The receipt of a deputy collector of delinquent taxes has the same force and effect as that of the treasurer.

2. **Tax Sale:** PAYMENT OF TAXES AFTER SALE: MANDAMUS. After the sale of land for taxes by the treasurer, the deputy collector received the taxes from the owner and gave his receipt therefor, both being ignorant of the sale; upon discovery of the mistake the treasurer tendered to the holder of the certificate of purchase the return of his money with ten per cent interest, which was refused. The time for redemption having expired, *held*, that the tax purchaser was entitled to a writ of *mandamus* to compel the issuance to him of a treasurer's deed.

*Appeal from Lee Circuit Court.*

SATURDAY, OCTOBER 25.

ACTION for *mandamus* to compel the defendant as treasurer of Lee county to execute to the plaintiff a tax deed. The sale was regular; the plaintiff is the holder of the tax certificate; more than three years have elapsed since the sale was made, and due notice was served upon the party entitled to it more than ninety days prior to the commencement of the action. The defense is that at the time of the sale the treasurer had appointed a deputy collector of delinquent taxes, and after the

sale the owner of the land paid such deputy the tax for which the same had been sold, and took his receipt therefor, neither the owner nor deputy being aware that the sale had taken place. Upon the mistake being discovered the treasurer tendered to the certificate holder the amount paid by him with ten per cent interest from the time of payment in satisfaction of his claim, but he refused to receive it. The court held that the plaintiff was not entitled to a deed, and rendered judgment for the defendant. The plaintiff appeals.

*M. R. King*, for appellant.

*Craig & Collier*, for appellee.

ADAMS, J.—Sections 859 and 860 of the Code provide for the collection of delinquent taxes by a deputy collector. It follows, we think, that his receipt should have the same force and effect as the receipt of the treasurer. By section 867 of the Code it is provided that "the treasurer's receipt shall be in full of the party's taxes for that year." Such being the statute the appellee contends that where a person pays his taxes and takes a receipt, even after sale, such payment, if he was ignorant of the sale, must be held to be a satisfaction of the tax claim and to operate to the defeat of the tax sale. In support of this view it is urged that if it is held otherwise great hardships will often result, where the land owner pays in ignorance of the sale and relies upon his receipt. Without denying that it may happen, this may be said, that under the statute requiring notice before the issuance of a tax deed it is not to be supposed that a tax title would often accrue by reason of such reliance; certainly no hardship results in this case. The land owner allowed the time of redemption to expire with full knowledge of the facts. The payment made by him was applicable upon redemption. He should have added the additional amount necessary to redeem.

The moment the purchaser paid the tax he acquired certain vested rights. The tax sale being valid there was nothing

1. TAXES: treasurer's receipt: deputy collector.

2 TAX SALE: payment of taxes after sale: mandamus.

which the treasurer or deputy collector or land owner could do to invalidate it.

It is urged by the appellee that a writ of *mandamus* cannot properly be granted, because the land owner, the real party in interest, is not a party to this action. But the land owner would not be concluded by the deed. If, for any reason, the plaintiff is not entitled to a deed a court of equity would cancel it. Upon the case, as made, plaintiff appears to be entitled to a deed, and we think that a writ of *mandamus* should have been granted to compel the defendant to execute it.

REVERSED.