WILLIAM H. DYSART *et al.* v. WARREN S. LURTY *et al.*

DAMAGES—*United States Marshal and Sureties Not Liable for Acts of Deputy When Acting Without Process.* A United States marshal and the sureties on his official bond are not liable in an action on such bond for the acts of a deputy who seizes a stock of liquors, beer and other goods without any writ or process and without the knowledge, instructions or assent of his principal, and not in the dis-

charge of any duty imposed upon him by law as such officer    His acts in such case constitutes a naked trespass, for which he alone is liable.

*Error from the District Court of Logan County.*

*Keaton & Cotteral* for plaintiffs in error.

*Horace Speed,* for defendants in error.

The opinion of the court was delivered by

BURFORD, J.:   This action was begun by plaintiffs in the district court of Logan county, sitting with the powers and jurisdiction of a circuit court of the United States, to recover a judgment against Warren S. Lurty on his official bond as United States marshal for Oklahoma, and against Joseph W. McNeal and Dennis T. Flynn as sureties on said bond.

It is alleged in the petition that the defendant, Lurty, was the duly appointed and qualified United States marshal for Oklahoma, and that the defendants, McNeal and Flynn, were the sureties on his official bond, which bond had been regularly executed and approved, and a copy was made part of the complaint.

That on the 4th day of July, 1890, one Joseph W. Tillery, was a duly qualified and acting deputy marshal, appointed by said Lurty; that a warrant issued by a United States commissioner for the arrest of the appellant, Barton W. Smith, for violations of the revenue laws of the United States, was placed in the hands of said Tillery to be served.   That at the time said warrant was served the appellants were engaged in the saloon business and were doing a flourishing and profitable business, and had paid the amount required by the collector of the district for a stamp, as retail dealers in liquors, but had not yet received the stamp or posted the same in their place of business. That the deputy marshal served the warrant on Smith

and also, at the same time, arrested Dysart, and also took possession of several barrels of beer, some kegs of whisky, boxes of cigars, bar fixtures, soda pop, ice and all other goods found in the saloon, and hauled the same to Guthrie, a distance of several miles, and that in taking and transporting said goods, the same was so carelessly and negligently handled and cared for that the beer, ice and pop were lost and destroyed and other goods injured and destroyed in the sum of three hundred and seventy-two dollars and fifty cents ($372.50), and that they were damaged in the sum of two thousand dollars ($2,000) in their business.

The defendant answered in substance that the appellants were at the time violating the laws of the United States, disturbing the peace, and selling liquors in violation of the laws of the territory, and that said deputy acted without the knowledge or special orders of the marshal.

The cause was submitted to a jury upon the issues and an agreed statement of facts, and the court instructed the jury to return a verdict for the defendant. Judgment was rendered for defendants, and the plaintiffs appeal.

The agreed statement of facts upon which the case was disposed of is as follows:

"It is agreed between counsel that the defendant, Lurty, did not know personally any of the acts committed by the deputy marshal, Tillery, on the 4th day of July, 1890, at the time they were committed, and did not authorize any of the acts committed on that occasion by the said Tillery other than those which the law imposed upon him by reason of his appointing Tillery as his deputy to serve the process referred to in the complaint, and other like processes outside of what appears by the writ. It is not, however, admitted that he did not know personally of the issuing of the writ and the delivery of the writ to Tillery. That question is to be a matter of evidence.

"It is further agreed by and between counsel for plaintiff and defendant, that the said Warren S. Lurty was the United States marshal for the Territory of Oklahoma on said day, and had been some days prior to said day, and remained such marshal for some days subsequent to said day. It is also agreed that the said Joseph W. Tillery was a deputy United States marshal, appointed by the said Warren S. Lurty, and had been so appointed for some days prior to said day, and remained such deputy marshal for some days subsequent to said day. It is further agreed that the said Joseph W. McNeal and Dennis T. Flynn were the legal and qualified bondsmen of said Lurty during said time.

"It is also agreed that the said Barton Smith and William H. Dysart, plaintiffs, were partners, doing business as alleged in the complaint, and owned the property therein described, and that said property was by the said Joseph W. Tillery, as deputy marshal, and other persons appointed and directed by him, seized and carried away as stated in plaintiff's complaint filed herein, and that he carried it away claiming to act as said deputy marshal, and that a portion of said property was consumed or destroyed, but the quantity destroyed and the value of the property and the damages done said plaintiffs are to be matters of evidence, subject to the instructions of the court.

"It is admitted that on the 30th day of June, 1890, the plaintiffs in the above entitled action paid to Gregory A. Sears, deputy collector at Guthrie, Oklahoma Territory, special taxes required of them by the laws of the United States to entitle them to engage in the business of retailing spirituous, malt and vinous liquors and tobacco. That they engaged in said business on the 2d day of July, 1890, and had not on the 4th day of July, 1890, yet received the licenses or internal revenue stamps for the business."

On motion of the defendants, the court instructed the jury as follows:

"The court instructs the jury that upon the statement of facts agreed upon and filed in this cause, the law is that the plaintiffs cannot recover in this action against the defendants on the official bond of Warren

S. Lurty, on which this action is brought, and the court instructs the jury to find a verdict for the defendants."

To the giving of this instruction the plaintiffs excepted.

The one question presented by this record and argued by counsel is, whether or not the marshal is liable on his official bond for the acts of his deputy in seizing and damaging the property described in the complaint.

It is not contended that the deputy seized the property by virtue of any process, or that any proceedings were pending to confiscate the property, or that it had actually been forfeited to the United States.

The deputy had a warrant for the arrest of one of the defendants on a criminal charge, and without any process, without any orders from his principal, and without his knowledge, seized the liquors and other property and took them away from appellants place of business.

There seems to be considerable confusion and some conflict in the authorities as to the liability of officers and their sureties for unauthorized acts of deputies. It is generally conceded that for acts done *virtute officii*, such persons will be held liable, but as to acts done *colore officii*, the authorities are not harmonious.

It is contended in this cause that the seizure of this property was done *colore officii*, and that the marshal and his deputies are liable on the official bond.

Acts done *colore officii* are such acts as the office gives no authority to perform.

The apparent conflict in the adjudicated cases exists more in the confusion of the application and use of terms than in the principles enunciated.

Where an officer, while doing an act within the limits of his official authority, exercises such authority

improperly, or exceeds his official powers, or abuses an official discretion vested in him, he becomes liable on his official bond to the person injured. But where he acts without any process and without the authority of his office, in doing such act, he is not to be considered an officer, but a personal trespasser.

The weight of authority seems to support the doctrine that sureties on an official bond are only answerable for the acts of their principal while engaged in the performance of some duty imposed upon him by law, or for an omission to perform some such duty. (*Waymire v. State*, 80 Ind. 67; *Governor v. Perrine*, 23 Ala. 807; *Commonwealth v. Swope*, 45 Penn. St. 535; *Griffith v. Commonwealth*, 10 Bush. 281; *Door v. Mickley*, 16 Minn. 20; *Huffman v. Koppelkom*, 8 Neb. 344; *State v. Mann*, 21 Wis. 684; *Turner v. Collier*, 4 Heis'k 89; *Thomas v. Browder*, 33 Texas 783; *Boston v. Moore*, 3 Allen 126; *Schloss v. White*, 16 Cal. 65; *People v. Pennock*, 60 N. Y. 421.)

Difficulty often arises in determining whether the officer acting officially exceeds his authority, or whether his acts must be regarded as those of an individual.

In the case of *Lammon v. Feusier*, 111 U. S. 17, relied on by counsel for appellants, the supreme court of the United States held a United States marshal liable on his bond for seizing the property of one upon a writ of attachment issued against the property of another. This case would seem to support the doctrine that an officer will be held liable for the acts done *colore officii*, but the case only follows the weight of authority which is practically unanimous that an officer who, in attempting to execute a valid writ, levies on the property of a third person, will be held liable for his acts— he is then acting officially under process apparently valid and exceeds his authority, rather than acting without any authority.

This case is not in conflict with the ruling of the supreme court of Kentucky in *Commonwealth v. Cole*, 7 B. Monroe 250, 46 Am. Dec. 506, wherein it was held that the sureties on a constable's bond could not be held liable for money collected under false pretense of having executions in his hands, when in fact he had no such executions.

In the latter case the officer was not acting officially, or within the authority of his office, and his bondsmen had not undertaken to be responsible for his personal conduct.

The general rule seems to be, that if the deputy is acting under a writ or process and while attempting to execute the process, he exceeds his authority and commits a wrong, or fails to perform the duty imposed upon him, his principal and the principal's sureties, will be liable for any damages arising from such acts or omissions, or if he is acting without process and under the orders or instructions or with the assent of his superior, then, the principal and sureties are liable. On the other hand, if the deputy assumes to act without process, or without the knowledge or assent of his principal and performs unauthorized acts, or commits a wrong, whether negligently, wantonly or maliciously, he will be liable for a personal trespass, but his principal and the bondsmen of the principal are not liable.

There are some exceptions to, and modifications of, these general rules, but as general principles, they are in harmony with the weight of adjudicated cases.

Seizing property without color of process and without authority of law, does not render the sureties of an officer liable, but is a naked trespass. (*State v. Morm*, 21 Wis. 684; *Gerber v. Ackley*, 37 Wis. 43.)

Where an officer, though he assumes to act as such, commits a wrong under circumstances where the law

does not impose upon him any duty to act at all, the wrong is not a violation of any official duty and consequently is not embraced within the sponsorship of the surety. (*Hawkins v. Thomas.* 29 N. E. 157.)

In the case of *Hollmion v. Carroll* 27, Texas 23, the court held that, while a sheriff is officially liable for seizing the property of one person under an execution against another, he is not liable for seizing such property without any writ at all.

The same principal is applied in case of *Eaton v. Kelly*, 72 N. C. 110; *Kendall v. Aleshire* 28, Neb. 707, and *Clinton v. Nelson*, 2 Utah, 284.

This principle is applicable here. The deputy, Tillery, seized the property in question without any process, without any instructions from, or knowledge of his principal, and not in the discharge of any duty imposed upon by him law. And when Tillery seized these goods, he did so without authority of law, and without color of process and it was his personal act, and not in the discharge of any official duty that his principal or their bondsmen had contracted that he should faithfully perform according to law.

Under the agreed statement of facts, the defendants were not liable for the damages claimed, and there was no error in the instruction given. The judgment of the court below is affirmed.

All of the Justices concurring.