## McCRORY *et al.* v. BOARD OF COM'RS OF WOODS COUNTY.

No. 4623.    Opinion Filed July 6, 1915.

(150 Pac. 683.)

**COUNTIES—County Attorney—Excessive Compensation—Liability.**
Where a county attorney files claims from time to time during his term of office for more salary than he is entitled to under the law, and such claims are approved and allowed by the board of county commissioners, and warrants issued therefor and paid, the act of the county attorney in this respect is not a breach of the terms and conditions of his official bond for which the sureties thereon are liable. The county attorney, however, is liable personally for the excess salary received.

(Syllabus by Dudley, C.)

*Error from District Court, Woods County;*
*R. H. Loofbourrow, Judge.*

Action by the Board of County Commissioners of the County of Woods against Claud McCrory and others.

Judgment for plaintiff, and defendants bring error. Affirmed as to defendant McCrory, and reversed as to the other defendants.

*E. W. Snoddy,* for plaintiffs in error.

*Sander J. Vigg,* for defendant in error.

Opinion by DUDLEY, C. This is an appeal from the district court of Woods county. On the advent of statehood, Claud McCrory, one of the plaintiffs in error, was elected county attorney of Woods county. He duly qualified as such, and entered upon his duties and served until January 9, 1911. He gave a bond for the faithful performance of his duties in the sum of $1,000, with James Matthews and Anton Shafer, plaintiffs in error, and L. A. Westfall, as sureties. This bond is the regular statutory form, and was duly approved by the proper authorities. He presented claims for salary at the end of each quarter during the term of his office. These claims were allowed and approved by the board of county commissioners, and warrants issued as required by law, which were paid. On each claim presented, allowed, and paid, he received more salary than he was entitled to receive under the law. The total amount received in excess of the salary allowed him was $538.99. In November, 1911, the board of county commissioners of Wood county, the defendant in error here, commenced this action against Claud McCrory, as principal, and James Matthews, Anton Shafer, and L. A. Westfall, as sureties, upon said bond, to recover the excess salary so received by the said Claud McCrory, claiming that by taking and receiving more salary than he was entitled to under the statute, and appropriating the same to his own use and benefit, he breached the terms and conditions of

said bond, and that by reason thereof he and his sureties were liable for the amount thereof. There are 12 separate counts in the petition, and a copy of the bond sued on is attached thereto. James Matthews and Anton Shafer, two of the sureties on said bond, plaintiffs in error here, filed a general demurrer to the petition, which was overruled. They stood on the demurrer and declined to plead further. Whereupon the court rendered a judgment against them and McCrory in the sum of $500, from which they have perfected an appeal.

The only question presented is whether or not the petition states a cause of action as against the sureties. The sureties insist that the statute fixes the salary which their principal, the county attorney, was entitled to receive, and that the county attorney, in filing claims from time to time in excess of the salary fixed by law, and the board of county commissioners in allowing and paying the claims, did not breach the terms and conditions of the bond. This question was thoroughly considered and determined in favor of the contention made by the sureties in a recent opinion by this court in the case of *Hughes et al. v. Board of County Commissioners of Oklahoma County* (No. 3989), 50 Okla. —, 150 Pac. 1029. The syllabus in that case applicable to the question here reads:

"Sureties on an official bond are only answerable for the acts of their principal, while engaged in the performance of some duty imposed by law, or for an omission to perform such duty; and therefore the bond of a court clerk is liable for all moneys coming into his hands as such clerk under the law and by virtue of his office and unaccounted for by him."

"To constitute color of office, such as will render an officer's sureties liable for his wrongful acts, something else must be shown besides the fact that in doing the act

complained of the officer claimed to be acting in an official capacity.

"Sums paid illegally and without authority or warrant of law to a court clerk by the board of county commissioners, who are themselves charged with the duty of administering the county business and protecting its finances, are not within the obligation of his bond, as sums properly coming into his hands by virtue of his office."

Judge Brewer in that case reviews all of the decisions of this court, and in the body of the opinion clearly and logically states the reasons for the rule announced, in the following words:

"The clerk was not entitled to these sums; no authority of law can be found which authorizes him to claim or receive them. Likewise, and as a necessary sequence, the commissioners were without authority of law, power, or jurisdiction to pay them. Indeed, the very basis for the recovery of these sums against the principal, where no appeal was taken from their allowance, is the fact that the commissioners had exceeded their jurisdiction in allowing the claims. But it is said that the clerk received these sums by virtue of his office, because he had the lawful right to present his claims for compensation. It is granted that he had such right, but it by no means follows that because he had the right to claim lawful compensation, this right would embrace a claim for sums to which he was not entitled, and the payment of which to him would be in violation of law. Therefore we are fully convinced that in claiming and receiving from Oklahoma county these sums to which he was not entitled, he was a mere 'trespasser,' if such a term may properly be applied to this kind of conduct. In other words, these sums came into his hands in no sense *virtute officii*, and the most that can be said is that they came into his hands *colore officii*. An officer's bond was not intended to, and does not, cover all the things he may do or fail to do while in

office. Its purpose is to guarantee the officer's conduct and good faith in performing his official duties; and its obligation, as has been seen, extends only to such officer's sins of commission and omission in the performance of, or failure to perform, some duty of his office. It was not the duty of his office to get money illegally from the treasury of Oklahoma county, under the claim and guise of compensation; besides, the board of county commissioners are, in a sense, managers and administrative agents of the county; they have charge of the expenditures of the county funds; it was their business to safeguard those funds and see to it that they were not paid out improperly to officers or anybody else who might see fit to make a claim. This loss has occurred, primarily, through their dereliction; it was their error. While the clerk participated to the extent of making the claims, the grievous fault was with the board of county commissioners in erroneously paying them. To extend the obligation of this bond to cover sums so paid seems to us too much like holding it for the default of other officers, for which they had no intention to become surety. Therefore it seems quite clear to us that the items under discussion are not covered by the obligation of the bond."

The rule announced in that case is sound and logical, and is supported by the following decisions of this court: *Dysart et al. v. Lurty et al.*, 3 Okla. 601, 41 Pac. 724; *Lowe et al. v. City of Guthrie*, 4 Okla. 287, 44 Pac. 198; *Inman v. Sherrill et al.*, 29 Okla. 100, 116 Pac. 426; *Jordan et al. v. Neer*, 34 Okla. 400, 125 Pac. 1117.

McCrory, county attorney, is liable, of course, personally for the amount received in excess of the salary allowed by law; the sureties, upon the bond, however, are not liable. The petition does not state a cause of action as against the sureties, Matthews and Shafer, and their demurrer thereto should have been sustained, and the trial court committed error in overruling it and rendering judg-

ment against them. As to them, the judgment is reversed; but as to McCrory, the judgment is affirmed.

By the Court: It is so ordered.