## PITMAN v. STATE.

No. 5577—Opinion Filed July 11, 1916.
(158 Pac. 1137.)

### 1. Taxation—Payment of Tax—Persons to Whom Made.

In order to give validity to the payment of a tax, the payment must be made to the officer authorized by law to receive the same, or his duly authorized representative.

### 2. Same.

Section 7495, Rev. Laws 1910, requires the payment of an inheritance tax to be made to the county treasurer, of the county in which the administration is pending, and a payment into the county court of said tax under an order of said court is not a payment and discharge of said tax.

### 3. Judges—Liability on Bond—Official Character of Act.

An estate being administered upon was liable for the payment of an inheritance tax, and in obedience to the order of said county court. the administrator of said estate paid into court an amount in excess of said inheritance tax. The term of office of said county judge receiving said money expired, and his successor was elected and qualified. to whom said county judge receiving said money failed to turn over said money, and an action to recover the same was brought upon the official bond of said county judge receiving said money to recover same. Held, that said money did not come into the hands of said county judge so as to render his bond liable therefor.

(Syllabus by Hooker, C.)

Error from District Court, Creek County; Jesse M. Hatchett, Assigned Judge.

Action by the State against Robert Pitman, as administrator of the estate of Rowie E. Pitman, deceased. Judgment for plaintiff. and defendant brings error. Affirmed.

Davidson & Williams, for plaintiff in error.

S. P. Freeling, Atty. Gen., and Smith Matson, Asst. Atty. Gen., for the State.

Opinion by HOOKER. C. This cause was heretofore decided by this court in an opinion by Mr. Commissioner Collier. as follows:

"This is an appeal from a judgment of the district court of Creek county, Okla., rendered

on the 2d day of May, 1913, in a cause therein pending in the matter of the estate of Rowie E. Pitman, deceased, ordering and directing Robert Pitman, Sr., as administrator of the estate of Rowie E. Pitman, to pay to the county treasurer of Creek county the sum of $1,170.80, with interest thereon from February 28, 1911, until paid. The cause came up to the district court of Creek county, Okla., on appeal from a judgment of the county court of Creek county, rendered on the 23d day of August, 1912. The facts are undisputed, and are as follows: Rowie E. Pitman died on the 10th day of February, 1909, leaving an estate of real and personal property appraised at $122,779.31, and Robert Pitman, Sr., the father and sole heir of said deceased, was, by the said county court, regularly and duly appointed and qualified as administrator of her estate. Jurisdiction to administer said estate rested in the county court of Creek county, Okla., by virtue of the residence of decedent in said county at the time of her death. It was agreed by the parties that the amount of the inheritance tax properly due by said estate was the sum of $1,170.80, and that no part of these taxes have been paid directly to the treasurer of Creek county, or to any of the deputies of such treasurer, and that under an order made by the county judge of Creek county on the 23d day of February, 1910, said county court made an order, ordering the administrator to pay into court the sum of $6,750, to be held by said court pending the time allowed by law for a review of the judgment in the matter of fixing the amount of the inheritance tax aforesaid, and which said amount was paid by the said administrator into said court, which said amount said Davis refused and failed to pay over to his successor in office. From the said judgment of $1,170.80, the said Robert Pitman, after having timely filed a motion for new trial, which was overruled, brings error.

"The only material question involved in this litigation is whether or not the said payment of said money into the county court as ordered by said Davis, county judge, was a payment and discharge of the said inheritance tax. Section 7495 provides that this tax shall be paid to the county treasurer; and, in our opinion, the payment into the county court of said money under said order was without warrant of law, and was not a payment and discharge of the said tax. In order to give validity to the payment made, the payment must be made to the officer authorized by law to receive the same, or his duly authorized representative. 39 Cyc. 1158d; Sherrick v. State, 167 Ind. 345, 79 N. E. 193; Auditor of Public Accounts v. Western Union Tel. Co., 46 S. W. 704, 20 Ky. Law Rep. 469; Young v. King, 3 R. I. 196; Texas, etc., R. Co. v. State, 43 Tex. Civ. App. 580, 97 S. W. 142. It therefore follows that the court did not err in holding that the payment into the said county court did not operate as a payment and discharge of said taxes, and properly rendered judgment against said administrator for the same.

"Finding no reversible error in this cause, the same should be affirmed."

In our judgment the former opinion rendered herein is a true and correct statement of the law applicable to the case at bar. The authorities cited to the effect that the payment of the tax must be made to the officer authorized by law to collect it or to his duly authorized deputy amply sustain the opinion of the court upon that proposition. In addition thereto may be added 27 Am. & Eng. Enc. of Law, p. 750; Marshall v. Baldwin, 11 Phila. (Pa.) 403; Deen v. Wills, 21 Tex. 642; Jones v. Welsing, 52 Iowa, 220, 2 N. W. 1106.

The facts in this case disclose that the county judge of Creek county collected this money and misappropriated the same. If the money was properly payable to him or if he had authority to receive the same, the sureties upon his official bond would unquestionably be liable therefor. But this court, in the following cases: Hughes v. Board of County Commissioners, 50 Okla. 410, 150 Pac. 1029; Dysart v. Lurty, 3 Okla. 601, 41 Pac. 724; Lowe v. City of Guthrie, 4 Okla. 287, 44 Pac. 198; Inman v. Sherrill et al., 29 Okla. 100, 116 Pac. 426; Jordan et al. v. Neer, 34 Okla. 400, 125 Pac. 1117—has determined the liability of the sureties upon an official bond for moneys improperly received by the principal or official therein. The Legislature of the state directed to whom this tax must be paid, and it was not within the power of the parties here to substitute another party for the one provided by the act of the Legislature.

The authorities relied upon by plaintiff in error have no application here, for the county court was without authority to direct the payment of this tax to any other person than the county treasurer, as expressed by the act of the Legislature.

The conclusions reached herein in the former opinion of this court are unquestionably correct, and that opinion is adhered to and this cause affirmed.

By the Court: It is so ordered.