## SOUTHWESTERN SURETY INS. CO. v. NEAL et al.

No. 9813—Opinion Filed April 12, 1921.

(Syllabus.)

**1. Payment—Application—Right of Debtor or Surety.**

The general rule is that a creditor may apply a payment, made by the debtor without any specific appropriation where there are two or more debts, to whichever debt he pleases, and a surety cannot control the application of the payment by the creditor, and neither the debtor nor the creditor need apply the payment in a manner most beneficial to the surety.

**2. Officers—Clerks of Courts—Liability on Bond—Funds.**

Sureties on an official bond are only answerable for the acts of their principal, while engaged in the performance of some duty imposed by law, or for an omission to perform such duty; and therefore the bond of a clerk of the county court is liable for all moneys coming into his hands, as such clerk, under the law and by virtue of his office and unaccounted for by him.

**3. Same—Fees and Cost Deposits.**

Where deposits are made with the clerk of the county court to secure costs, or where sums come into the hands of such clerk by virtue of his office, his bond is liable upon his failure to pay such sums over to such party as may be entitled to receive them.

**4. Same—Funds Received Not by Virtue of Office.**

Amounts received by the clerk of the county court in administration and guardianship matters, under orders from the county court, of which he was the clerk, are not received by virtue of his office, and the obligation of his bond does not cover the same as sums properly coming into his hands by virtue of his office.

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Action by the State of Oklahoma for the use of the Board of Commissioners of Atoka County and Jas. H. Gill, court clerk, against Charles Minor Neal and the Southwestern Surety Insurance Company for balance of

official funds claimed to be due the successor in office. Judgment for plaintiff, and defendant surety company brings error. Affirmed, on conditions.

Kent V. Gay, for plaintiff in error.

J. T. Suggs and Jas. H. Chambers, for defendant in error.

PITCHFORD, J. This action was, commenced in the district court of Atoka county against Charles Minor Neal and the Southwestern Surety Insurance Company, as defendants, by the state of Oklahoma, for the use and benefit of the board of county commissioners of said county, and Jas. H. Gill, court clerk of said county.

The petition alleged that the defendant Charles Minor Neal, as clerk of the county court of Atoka county, had failed to account and pay over to his successor in office, the plaintiff Gill, the sum of $2,791.36.

The defendant Southwestern Surety Insurance Company had executed surety bond for the defendant Neal for the faithful performance of the duties required of him as clerk of the county court; and that he should promptly pay over to the person or officers entitled thereto all moneys which might come into his hands by virtue of his office, etc.

When the cause came on for trial, a jury was waived and the cause tried to the court. On the conclusion of the evidence, the court made the following finding of facts, and conclusions of law:

"That during said period of time the said C. M. Neal received the sum of $46,781.62, and that he disbursed the sum of $44,094.01. That included in said disbursement was the sum of $2,172.20, paid to Jas H. Gill, court clerk, and successor to said C. M. Neal. That there was a balance left in the hands of said C. M. Neal, undisposed of, and unaccounted for, in the sum of $2,687.61.

"That there was received by the said C. M. Neal, court clerk, during said time, as fees in probate, criminal, civil, full-blood approvals, marriage licenses, etc., the sum of $19,329.60, and that of this amount he paid out $17,385.74, leaving a balance of $1,943.86.

"That the remainder of said amount received by the said C. M. Neal, during the said period of time, was received by him in guardianship and administration matters, and that of the amount so received there were certain sums due the county, the exact amount of which in each case the testimony in this case does not disclose. That practically all of the amounts that he held in administration and guardianship matters were held by virtue of an order of the court of which he was the duly qualified and acting clerk.

"Therefore, the court concludes as a matter of law:

"That the balance of $1,943.86, received by him in fees, was received by virtue of his office as such clerk, and was due the county of Atoka, Oklahoma.

"That the amounts that ne received and held in administration and guardianship matters were received and held under orders from the county court, of which he was the clerk, and that in all of said matters the county of Atoka had some interest, and therefore the said C. M. Neal held said money virtute officii and not colore officii, and that it was his duty to turn said amount over to his successor in office or the parties to whom he might be directed to pay the same by law.

"The court therefore concludes as a matter of law that the said C. M. Neal is due the county of Atoka, Oklahoma, at this time, the sum of $2,687.61, and that the defendant, the Southwestern Surety Insurance Company, sureties on the bond of the said C. M. Neal, are liable for said amount, and judgment is hereby rendered against the said C. M. Neal and the said Southwestern Surety Insurance Company for the said sum of $2,687.61."

From this judgment, the Southwestern Surety Insurance Company prosecutes an appeal to this court.

It will be noted from the foregoing that the court found that the defendant Neal was indebted to the county in the sum of $2,687.61; that this sum included $1,943.86, the balance remaining in his hand for fees during his term of office; that the remainder of the said sum of $2,687.61 was received by him in guardianship and administration matters.

It is the contention of the defendant surety company that the evidence conclusively shows that at the time the term of office of the defendant Neal expired, and prior to his turning over his books and accounts to his successor, he had in his hands costs, due the county, in the sum of $1,943.86; moneys belonging to administrators in the sum of $1,022.18, and funds due guardians in the sum of $1,879.54; and that thereafter he paid to his successor in settlement of moneys due from him the sum of $2,172.20; that, when Neal paid this sum to his successor, he more than liquidated all of his indebtedness to the county for any and all balances due, as fees and costs, by paying to his successor $128.34 in excess of the costs and fees received; and contending, further, that the sums not accounted for by Neal were funds due to various guardians and administrators who had erroneously deposited with him funds held by them in their official capacity, and that the surety is not liable for such sums so deposited.

There would be weight in this contention if the trial court had found that the amount paid by Neal to his successor had been applied to the payment of the cost and fees; but the court found that the defendant Neal failed to account for $2,791.36, received by him; and, further, that of this amount the sum of $1,943.86 was received as cost and fees. There must have been some evidence before the court as to the application of the amount paid to his successor by Neal to justify the finding that Neal still owed the amount designated as cost and fees. .

There is nothing in the evidence tending to show any instruction from Neal, at the time he paid the sum of $2,172.20 to his successor, as to its application further than the inference might be drawn that he considered, at that time, that this sum covered the entire shortage, both as to cost and fees, and the sums due guardian and administrators. We have seen that the court found that the defendant Neal had failed to account for cost and fees in a certain sum, also, certain amounts received from guardians and administrators. We know of no rule of law or equity that would require the application of the amount paid by Neal to his successor to the payment of the cost and fees in preference to the amounts due by him from guardians and administrators. Neal was certainly liable, personally, for these several sums, regardless of whether or not there was any liability on the part of his surety.

The general rule is that a creditor may apply a payment, voluntarily made by the debtor without any specific appropriation where there are two or more debts, to whichever debt he pleases, and sureties cannot control the application of the payment by either the debtor or creditor, and neither the debtor nor creditor need apply the payment in a manner more beneficial to the surety. Jackson et al. v. Moore, 39 Okla. 234, 134 Pac. 1114; 30 Cyc. 1233. There was no error in finding the surety company liable for the balance of cost and fees amounting to $1,943.86.

The judgment of the trial court was not only for the balance of fees and costs, but also included the amounts paid to the defendant Neal by administrators and guardians, under and by virtue of orders of the county court.

If a county court clerk can legally be made the depository of these funds, received from guardians and administrators, by virtue of his office, then there would be no question as to the liability of his surety. The duties pertaining to the office of county clerk are defined by certain sections of the Revised Laws of Oklahoma, 1910, and nowhere in these sections does it appear that the clerk of the county court is authorized to act as a depository for funds belonging to guardians and administrators, further than the provisions of the statute relating to cost deposits, and in receiving the amount due on a judgment where there is no outstanding execution.

In re Bolin's Estate et al. (Tolbert v. Bolin et al.) 22 Okla. 851, 98 Pac. 934, it was said:

"A general guardian of the estate of a minor is entitled to exclusive possession, together with the care and management, of the estate of such minor committed to his trust, which cannot be limited by order of court as to its custody, and where, on annual settlement, the court found the amount due said minor and ordered the same paid by said guardian to the clerk of the court, that part of said order to make such payment is void. * * * The first error assigned is that the court was without jurisdiction to enter that part of the order requiring plaintiff in error to pay $765.83 to the clerk of the court, and for that reason the same is void. In this we concur."

In Hughes et al. v. Board of County Commissioners of Oklahoma County, 50 Okla. 410, 150 Pac. 1029, the court said:

"Is the surety company on the official bond liable for the sums of money erroneously and illegally paid the principal in the bond by the county commissioners? These sums are. * * * The surety company contends that it is not liable for these sums, for the reason that the clerk had no authority to receive them, nor had the board of county commissioners any authority to pay them to him; that is to say, said sums did not come into his hands by virtue of his office. It seems to us that the law as to what acts of commission or omission come within the obligation of an official bond is quite well settled in this state. As early as 1895 it was said by the territorial Supreme Court, in Dysart v. Lurty, 3 Okla. 601, 41 Pac. 724: 'Where an officer, while doing an act within the limits of his official authority, exercises such authority improperly, or exceeds his official powers, or abuses an official discretion vested in him, he becomes liable on his official bond to the person injured. But where he acts without any process or without the authority of his office in doing such act, he is not to be considered an officer, but a personal trespasser. The weight of authority seems to support the doctrine that sureties on an official bond are only answerable for the acts of their principal while engaged in the performance of some duty imposed upon him by law, or for an omission to perform some such duty.' That case presented an alleged wrongful performance of a ministerial duty as against the bond of an executive officer, but there is no difference in principle, that

we can see, in the obligation of such a bond and the one in question, and that case came under review shortly thereafter in Lowe v. City of Guthrie, 4 Okla. 287, 44 Pac. 198, which involved the obligation of the official bond of the city clerk. As here, that was a suit to recover for a large sum of money coming into the hands of the clerk and unaccounted for. In that case it was held: 'The statute requires the clerk to give a bond for the faithful discharge of the duties of his office. This comprehends every duty required of him by law or ordinance. It embraces the faithful accounting for, and payment to the city treasurer of, all moneys that shall come into his hands by virtue of his office. And his sureties can only be held liable for a failure to faithfully discharge such duties, although the terms of the bond may be more comprehensive. Sureties on official bonds are liable only for acts of the principal done virtute officii, and not for acts done colore officii.' The result was that the bond was exonerated from any liability on account of a large sum, representing license fees which came into the hands of the city clerk, but which he had not under the law or ordinance of the city, the lawful right to receive. In the last-named case, which seems to be clearly in point here, it is said in the text: 'Sureties on an official bond are only answerable for the acts of their principal while engaged in the performance of some duty imposed by law or for an omission to perform such duty.'"

In C. J., vol. 11, p. 899, par. 106, we find the following:

"For a failure of the clerk to account for money not received by virtue of his office there is no liability on the sureties on his official bond, notwithstanding the payment was made in the belief that the money was to be received by him in his official capacity, or was made as compensation for unofficial acts directed by the court."

The same doctrine is upheld by the Supreme Court of Iowa, in the case of Western Fruit & Candy Company et al. v. Petersberger et al., 143 N. W. 399; by the Supreme Court of Indiana, in the case of State ex rel. Roberts et ux. v. Fleming et al., 46 Ind. 206; in Scott v. State, 46 Ind. 203; and in Jenkins v. Lemonds, 29 Ind. 294.

We are of the opinion that the judgment of the trial court should be affirmed as to defendant Neal in toto, and affirmed as to the Southwestern Surety Insurance Company, provided the defendant in error shall, within 20 days, file with the clerk of this court a remittitur in the sum of $743.75, and, upon failure to file the remittitur, the judgment reversed as to the Southwestern Surety Insurance Company, and cause remanded for further proceedings, and it is so ordered.

HARRISON, C. J., and McNEILL, ELTING, and NICHOLSON, JJ., concur.