**HAYNIE, County Treas., v. BRYANT & PARKER.**

No. 16084—Opinion Filed April 6, 1926.

**1. Taxation—Payment Must Be to Authorized Officer.**

The payment of taxes, in order to be effective in relieving the person and property from liability, must be made to the officers primarily authorized to receive them, or at least to someone legally and duly appointed and approved as required by the statutes in force governing the appointment of deputy county treasurers.

**2. Same—Failure of Bank to Forward to County Treasurer Money for Taxes Entrusted to Bank—Necessary Showing by Taxpayer for Mandamus Against Treasurer for Tax Receipt.**

Where a bank receives money from its customers and others in the community, which money is to be applied in payment of taxes of the payor of the money, and the bank fails, neglects, or refuses to forward such money so received to the county treasurer in payment of the tax, in an action brought by the taxpayer against the county treasurer for a writ of mandamus to compel the issuance of a tax receipt by virtue of the payment of such money to the bank, it is error of the court to award a writ of peremptory mandamus, in the absence of clear, positive proof that such bank is the duly appointed deputy to the county treasurer, and that such appointment was duly approved by the county commissioners of the county according to the laws of the state of Oklahoma.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Bryant & Parker for a writ of mandamus to compel S. F. Haynie, as county treasurer, to issue a tax receipt. Writ awarded, and defendant appeals. Reversed, with directions.

J. A. Bass, Hodge & Schenk, and F. M. Dudley, for plaintiff in error.

Marvin Schilling, for defendants in error.

Opinion by RUTH, C. The parties hereto will be designated as they appeared in the trial court.

Parker & Bryant, a partnership, brought their action against the defendant, S. F. Haynie, county treasurer of Carter county, and alleged in substance that defendant in 1921 made arrangements with the First National Bank of Wilson, Okla., to collect taxes and issue receipts therefor, and that in 1922 defendant made an arrangement with the City State Bank of Wilson, and with the consent and approval of the defendant, the bank published notices in the newspapers and displayed signs on its windows, advising the taxpayers that it was in possession of the tax rolls covering real and personal property in the town of Wilson and adjacent territory, and would receive and collect taxes for the year 1923, and issue receipts therefor. That in December, 1923, plaintiffs' taxes being $142.82, they paid $71.41, being one-half their taxes, at the City State Bank, and on January 26, 1924, the bank then having on deposit to the credit of

the county treasurer tax money paid by various taxpayers at Wilson in the approximate sum of $29,151.10, the bank was taken over by the Bank Commissioner of Oklahoma.

In April, 1924, the plaintiffs went to the courthouse at Ardmore, the county seat of Carter county, and there, at the office of the county treasurer, they tendered $71.41, being the balance of their taxes due for 1923, and demanded a tax receipt for the full year's taxes for 1923. That their demand was refused, and they pray a writ of mandamus to compel defendant to receive $71.41, and to issue tax receipt for the full amount of $142.82 for the taxes of 1923.

The alternative writ of mandamus was issued, and defendant answered by general denial, and further denied he had ever made such an agreement with the bank, or ever given the bank authority to receive taxes in his name, and knew nothing of the notices alleged to have been given by the bank, that if plaintiffs so paid the money they did so for their own accommodation.

Defendant pleads the various statutes of Oklahoma relating to his duties and the appointment of deputies, and names the deputies so appointed by him and confirmed by the county commissioners according to law, and such appointments were matters of record; that defendant did not furnish the bank with a copy of the tax rolls, but that the same was procured by the bank at its own expense and for the benefit of the bank's customers. Defendant alleges he had no knowledge that $29,151.10 was deposited to his credit in said bank, representing tax money it collected, and did not know of its existence, and alleges the only account he had with the bank was such as was provided for by virtue of sections 5727 and 8621, C. O. S. 1921, and a depositor's bond was executed and approved covering this amount. Defendant further denies that plaintiffs' petition upon its face shows a cause of action, and at the trial objected to the introduction of any evidence for the reason last stated.

At the trial of the cause the court permitted persons other than the plaintiffs to testify, as to how and where they had paid their taxes for the Wilson district, and admitted in evidence the notice published by the bank that taxes for the Wilson and Hewitt districts could be paid at the City State Bank of Wilson, all of which was objected to by defendant, and exceptions saved.

Defendant's demurrer to the plaintiffs' evidence was by the court overruled, and at the conclusion of all the evidence the court granted the peremptory writ of mandamus,

as prayed, and the defendant appeals, and assigns five specifications of error, which are argued under the following propositions:

"The City State Bank became the agent of the payor in the collection of tax money, for the purpose only of transmitting the tax money to the county treasurer on behalf of the payor; that the county treasurer had no authority in law to deputize the bank to collect taxes in the city of Wilson, or any other place; that he had no authority to delegate his powers to anyone save those authorized by law to receive it, and the receipt given by the bank showed upon its face that it was the act of the bank, and not of the county treasurer, and the bank alone was responsible to the payor."

Governments may only be successfully operated by the receipt of sufficient funds with which to defray the expenses of their operation, and this may be obtained but by taxing the subject of the sovereign power, or the personal and real property within the sovereignty, and since the organization of governments, it has been the invariable rule to require the citizen to repair to a place certain, and within a specified period, and there to pay to the person or persons designated by the sovereign power, the taxes imposed.

Even was this true before the day of the written law, and the payment of taxes being one of the most vexatious and painful operations inflicted upon the citizen, and at the same time one of the hardest operations to successfully perform upon the citizen, the lawgivers have been very diligent and careful in these modern days to advise us when, where, to whom, and in what medium of exchange the taxes should be paid, and the Legislatures of this state have not been remiss in this behalf, and section 5931, C. O. S. 1921, provides:

"It shall be the duty of the county treasurer to receive all moneys belonging to the county from whatever source they may be derived and all other moneys which by law are directed to be paid to him."

Section 5933, C. O. S. 1921, provides the county treasurer shall keep his office at the county seat. Section 9651 provides:

"All state, county, township, school district, city, town, road, bridge, or other taxes shall be paid to the county treasurer * * * in lawful money."

Section 5938 provides the county commissioners may employ additional clerks for the office of county treasurer, provided such additional employees are approved by the county treasurer.

Applicable to Carter county, where this

cause of action arose, the Legislature deemed it advisable to enact the following:

"The county treasurer shall, with the advice and consent of the board of county commissinoers, be allowed to appoint not to exceed four deputies (providing for salaries). The county treasurer shall designate one deputy, who shall present himself at some public place in the town of Wilson, Okla., two weeks in June and two weeks in December of each year for the purpose of collecting taxes." Section 4, Senate Bill 356, ch. 109, p. 160, S. L. Okla. 1919.

It will thus be seen that the taxes for the Wilson district might be paid in Wilson at specified times, but only to such deputy county treasurer who had been duly appointed and approved under this section and duly designated to present himself in the town of Wilson.

There appears to be but one question to be here determined, to wit, Was the money paid by the plaintiff to the City State Bank paid to one duly authorized by law to receive and receipt for the same as for taxes?

"The payment of taxes in order to be effective, in relieving the person and property from liability, must be made to the officers primarily authorized to receive them, or at least some one legally delegated to act in his behalf in receiving and receipting for the taxes." See 37 Cyc. 1158d; Sherrick v. State, 167 Ind. 345, 79 N. E. 193; Auditor Public Accounts v. Western Union Tel. Co., 46 S. W. 704, 20 Ky. L. Rep. 469; Young v. King, 3 R. I. 196; Texas, etc., R. Co. v. State, 43 Tex. Civ. App. 580, 97 S. W. 143.

The statutes of this state clearly define when, where, and to whom taxes shall be paid, and have provided that deputies of the county treasurer, who alone is to receive taxes, before they may receive taxes instead of the treasurer in person, must be appointed by and with the approval of the county commissioners, and a person paying taxes to one not so authorized to receive the same does so at his peril, and he cannot pay them to any one else, even under an order of the county court in matters involving an inheritance tax.

This court has directly passed upon this question in State v. Davis et al., 57 Okla. 490, 158 Pac. 1138, and in Pitman v. State, 59 Okla. 270, 158 Pac. 1137, where it was held:

"(1) In order to give validity to the payment of a tax, the payment must be made to the officer authorized by law to receive the same, or his duly authorized representative."

"(2) Section 7495, R. L. 1910, requires the payment of an inheritance tax to be made to the county treasurer of the county in which the administration is pending, and a payment into the county court of said tax, under an order of said court, is not a payment and discharge of said tax."

Nor may the county commissioners deputize or employ any one to assist in the collection of taxes except as provided by law. Whittingill v. Board of County Commissioners, 66 Okla. 75, 174 Pac. 491; Board of County Commissioners of Logan County v. Jones, 4 Okla. 341, 51 Pac. 565; Anderson v. Board of County Commissioners of Grant County, 44 Okla. 165, 143 Pac. 1145; Baker v. Board of County Commissioners of Okmulgee County, 48 Okla. 737, 150 Pac. 714. Nor does the forwarding of a bank check by the taxpayer relieve him of liability or the property from a lien for taxes until the currency represented by such check is actually in the hands of the county treasurer. Labrier v. Leedy, 104 Okla. 54, 230 Pac. 253.

In the instant case there was no allegation in the petition that the City State Bank of Wilson was the deputy duly appointed and approved by the board of county commissioners, and thereafter designated by the county treasurer to receive, collect, or receipt for taxes due Carter county, at the town of Wilson, and the petition therefore wholly failed to state a cause of action. While the granting of the alternative writ of mandamus is a matter largely within the discretion of the trial court, after the answer was filed under oath, disclosing the names of all deputies to the county treasurer duly appointed and approved according to law, and no issue was joined thereon, the objection to the introduction of evidence and motion to dissolve the alternative writ and dismiss the action should have been sustained.

It is unnecessary to discuss the evidence, except to state in passing that the plaintiffs' own evidence fails to disclose any official relation between the bank and the county treasurer, and by paying to the bank the sum of $71.41 and taking its individual receipt therefor, with the expectation of the bank forwarding the money to the treasurer, and later obtaining from the bank a proper tax receipt, plaintiff constituted the bank his agent and dealt with it at his peril.

For error of the court appearing upon the face of the record, the judgment of the trial court is reversed, and this cause is remanded, with directions to the trial court to dissolve the peremptory writ of mandamus and dismiss the plaintiffs' petition.

By the Court: It is so ordered.

Note.—See under (1, 2) 37 Cyc. p. 1158.