## AMERICAN SURETY CO. et al. v. SPAIN.

No. 18179. Opinion Filed Oct. 2, 1928.

Green & Pruet, for plaintiffs in error.

Womack, Brown & Cund, for defendant in error.

HERR, C. This is an action instituted in the district court of Jefferson county by Franklin G. Spain against E. L. Dillard, county judge of Jefferson county, and the American Surety Company of New York to recover on the official bond of the said county judge. There was judgment in favor of the plaintiff in the sum of $650. Defendant surety company is the surety on the official bond of the defendant Dillard. Defendants appeal.

It appears that sometime in the year 1908, W. F. Spain was, by the county court of Jefferson county, appointed guardian for Franklin G. Spain, then a minor, and plaintiff herein. W. F. Spain is the father of Franklin G. Spain. It further appears that in 1910 the guardian sold, through the probate court of said county, certain real estate belonging to the plaintiff herein, and in the course of the proceedings executed an additional sale bond, as provided by statute, with the Southwestern Surety Insurance Company as his surety. Thereafter, and on May 13th, the guardian, W. F. Spain, tendered his resignation as guardian and filed in the county court of said county his report and final account as such guardian, which report and account were disapproved and rejected by the county court, from which judgment the guardian appealed to the district court of Jefferson county. The Southwestern Surety Insurance Company was made a party to this appeal.

A trial de novo was had in the district court of said county, which resulted in a finding that the guardian was short in his account in the sum of $2,750, and judgment was rendered against the guardian and the Southwestern Surety Insurance Company for said sum. The judgment further provides:

"That upon the payment of said sum of $2,750 to the county court of Jefferson county, Okla., for the use and benefit of said minor, then the said W. F. Spain, as such guardian, and the Southwestern Surety Insurance Company, surety on said sale bond, be discharged from any and all liability thereunder by virtue of said sale bond."

Immediately following the rendition of said judgment, the Southwestern Surety Insurance Company paid the full amount thereof to E. L. Dillard, county judge of said county.

No new guardian was ever appointed for said minor, and the fund above mentioned remained in the hands of the said county judge and under his control until the said minor arrived at full age. It appears that the defendant Dillard, upon taking charge of said fund, made various loans therefrom, two of which, aggregating the sum of $650, proved to be absolutely worthless and uncollectible. This suit is brought by Franklin G. Spain, after attaining his majority, to recover said sum. The judgment, in so far as it affects defendant Dillard, is not challenged.

In behalf of the defendant surety company it is contended that the money received by said Dillard, in the instant case, under the facts above detailed, was not received by him by virtue of his office, and that it is, therefore, not liable on the bond. In support of this contention, the following authorities are cited: Lowe v. Guthrie, 4 Okla. 287, 44 Pac. 198; Dysart v. Lurty, 3 Okla. 601, 41 Pac. 724; Inman v. Sherrill, 29 Okla. 100, 116 Pac. 426; Jordan v. Neer, 34 Okla. 400, 125 Pac. 1117; State v. Davis, 57 Okla. 490, 158 Pac. 1138. See, also, Pittman v. State, 59 Okla. 270, 158 Pac. 1137, wherein it is said:

"An estate being administered upon was liable for the payment of an inheritance tax, and in obedience to the order of said county court, the administrator of said estate paid into court an amount in excess of said inheritance tax. The term of office of said county judge receiving said money expired and his successor was elected and qualified, to whom said county judge receiving said money failed to turn over said money, and an action to recover the same was brought upon the official bond of said county judge receiving said money to recover the same. Held, that said money did not come into the hands of said county judge so as to render his bond liable therefor."

It occurs to us that the above authorities are decisive of this case. In the case last above cited, an inheritance tax was paid to the county judge by the administrator upon order of the county court. The county judge, upon expiration of his office, refused to turn over the amount of the tax so collected to his successor. Suit was brought on the official bond of the outgoing county judge. The court held that the money did not come into the hands of the county judge by virtue of his office, and that the sureties on his bond were, therefore, not liable.

The same reason and the same principle as applied to the facts in the above case apply with equal force to the facts in the instant case.

It is, however, contended by plaintiff that the decree of the district court directed the payment of the money to the county judge, and that the money, having been received by said judge by virtue of said decree, came into his hands by virtue of his office. With this contention we cannot agree. The decree does not direct payment to be made to the county judge, but provides that, upon payment of the amount of the judgment to the county court for the use and benefit of the minor, the guardian and surety should be discharged. It is apparent that the phrase used in the decree "payment into the county court" refers to the clerk of the county court, the only official authorized by law to receive the same. The court, in making such order, evidently had in mind section 870, C. O. S. 1921, which provides:

"Where there is no execution outstanding, the clerk of the court in which the judgment was rendered may receive the amount of the judgment and costs, and receipt therefor, with the same effect as if the same had been paid to the sheriff on an execution; and the clerk shall be liable to be amerced in the same manner and amount as a sheriff for refusing to pay the same to the party entitled thereto, when requested, and shall also be liable on his official bond."

If, however, we construe the order as authorizing the payment of the money to the county judge, still it could not be said that the fund was received by him by virtue of his office, as is said by this court in the case of Southwestern Surety Insurance Co. v. Neal, 81 Okla. 194, 197 Pac. 439.

"Amounts received by the clerk of the county court in administration and guardianship matters, under orders from the county court of which he was the clerk, are not received by virtue of his office, and the obligation of his bond does not cover the same as sums properly coming into his hands by virtue of his office."

See, also, the case of In re Bolin's Estate 22 Okla. 851, 98 Pac. 934.

Our attention is called to the additional sale bond statute, section 1477, C. O. S. 1921, which provides that such bond shall be given to the county judge. It is argued that the county judge being named as the obligee in the bond, settlement of the judgment in the instant case was legally made with such judge by the surety, and that, therefore, the money received by him through such settlement was received by him by virtue of his office. Not so. The purpose of the bond is to protect the minor. The minor is the only real party in interest and a proper party plaintiff to recover on the bond. Hickman v. Jackson, 65 Okla. 184, 164 Pac. 979; Lyons v. Fulsome, 54 Okla. 84, 153 Pac. 868; Title Guaranty & Surety Co. v. Slinker, 35 Okla. 153, 128 Pac. 698.

It appears to us clear that, after suit has been successfully prosecuted against the surety on such bond, and judgment recovered in favor of the minor, such judgment cannot then be legally paid to the county judge. No statute is called to our attention authorizing him to receive the same. He is performing no official duty in the collection thereof. Hence, money so collected is not received by him by virtue of his office, and the surety on his official bond is not liable therefor.

Judgment should be reversed as to the American Surety Company of New York, and the cause remanded, with instructions to render judgment in favor of said defendant. As to defendant E. L. Dillard, judgment should be affirmed.

TEEHEE, HALL, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.