LASATER et al. v. STERLING et al.

No. 19341. Opinion Filed April 29, 1930.

Rehearing Denied June 17, 1930.

Blanton, Osborn & Curtis, for plaintiffs in error.

Bowling & Farmer, for defendants in error.

LEACH, C. Walter Sterling and John Sterling, the latter a minor, by his guard-

ian, commenced this action in the district court of Garvin county, against W. R. Harrison, who at one time was the guardian of the plaintiffs, and against his bondsmen, also against Wayne H. Lasater, a former county judge of Garvin county, and Milas Lasater and Jack Florence, sureties on the official bond of said county judge, to recover the value of certain moneys and Liberty Bonds belonging to the plaintiffs, which were delivered by their guardian, Harrison, to the defendant Wayne H. Lasater as county judge and pursuant to direction of such judge.

It was alleged in part in the second cause of action of plaintiffs' petition as follows:

"That, on or about the 23rd day of January, 1922, the date on which the said defendant W. R. Harrison resigned and was discharged as such guardian, the final report of such guardian came on for consideration before the said Wayne H. Lasater, as judge of said county court; that upon the consideration of said report by said county judge in open court, said final report was approved, and thereupon the defendant W. R. Harrison, in open court, resigned as such guardian, and his resignation was accepted by the defendant Wayne H. Lasater, verbally and in open court, and thereupon the said defendant Wayne H. Lasater, as judge of said court, in open court, and upon said hearing of said final report which was being duly had before said county judge, verbally directed the defendant W. R. Harrison to pay said sum of $1,400 in cash and Liberty Bonds into court, and at said direction of said county judge at said hearing, the said defendant W. R. Harrison thereupon paid over and delivered said sum of $1,400 in cash and Liberty Bonds to the said defendant Wayne H. Lasater, as such county judge and as the judge of said county court."

Also further alleged, in substance, that such county judge failed to account for and pay over the property so received by him to its owner, and converted the same to his own use and benefit, and that he thereby breached the conditions of his official bond.

The record and evidence disclose that the guardian, Harrison, did, as alleged, pay over and surrender to the county judge, Wayne H. Lasater, the property in his hands belonging to the wards, which property was appropriated by such county judge and never accounted for.

Upon trial of the cause judgment was rendered for the plaintiffs against each and all of the defendants for the sum of $1,248.51, with interest, and the defendants Milas Lasater and Jack Florence, sureties, filed their motion for a new trial based in part on the ground that the judgment was not sustained by the evidence, was contrary to law, and error of the trial court in overruling their demurrer to plaintiffs' petition; such motion for new trial was denied, and they bring this appeal and set forth in their petition filed herein several grounds of error which are presented and argued under the general proposition that the funds and bonds received by W. H. Lasater, county judge, were not received by him by virtue of or under authority of his office, that his conduct and acts did not constitute a breach of his official bond, and that the sureties thereon were not liable. In support of this contention, the following authorities are cited: Dysart v. Lurty, 3 Okla. 601, 41 Pac. 724; Low v. City of Guthrie, 4 Okla. 287, 44 Pac. 198; Inman v. Sherrill, 29 Okla. 100, 116 Pac. 426; Jordan v. Neer, 34 Okla. 400, 125 Pac. 1117; Hughes v. Board of County Com'rs of Okla. Co., 50 Okla. 410, 150 Pac. 1029; Board of County Com'rs v. Vaughn, 51 Okla. 609, 152 Pac. 115; State v. Davis, 57 Okla. 490, 158 Pac. 1138; Southwestern Surety Ins. Co. v. Neal, 81 Okla. 194, 197 Pac. 43J; Haynie, County Treas., v. Bryant & Parker, 117 Okla. 138, 245 Pac. 612; American Surety Co. v. Spain, 133 Okla. 7, 270 Pac. 844; Stephens v. Hendee (Neb.) 115 N. W. 283; Rice v. Vasmer (Tex.) 110 S. W. 1005; Clark v. Logan County (Ky.) 128 S. W. 1079; 33 C. J. 985. See, also, Linson v. Barnes, 136 Okla. 237, 277 Pac. 233.

The authorities cited appear to support the contention of the plaintiffs in error, and are controlling under the record here presented; especially so is the case of American Surety Co. v. Spain, supra.

Counsel for the defendants in error, in their brief in support of the judgment, rely chiefly on the holding in the case of Frear v. State ex rel. Caldwell, 76 Okla. 213, 184 Pac. 771, wherein a county judge and his bondsmen were held liable for certain court costs collected by him. While some of the language of the opinion in that case would tend to support the contention of the defendants in error and the judgment here involved, an examination of the syllabus and the body of that opinion will disclose that the particular question here urged as grounds for reversal was not raised or determined in that case.

In the case of American Surety Co. v. Spain, supra, it was shown that a county court disapproved the report and final account of a guardian, and, on appeal therefrom to the district court, a judgment was entered in the district court against the guardian and the surety on his bond for the

amount found due, and it was recited in the judgment:

"That upon payment of said sum * * * to the county court of Jefferson county, Okla., for the use and benefit of said minor, then the said W. F. Spain, as such guardian and the * * * surety on said sale bond, be discharged from any and all liability thereunder by virtue of said sale bond."

Thereafter the surety on the bond of the guardian paid the full amount of the judgment to the county judge of said county, who failed to properly account for and pay over the funds so received by him, and it was held in the syllabus of that case:

"Where a surety on an additional sale bond in a guardianship proceeding, upon judgment of the district court on appeal from the county court, is held liable on the final account of the guardian because of a shortage in the guardian's account, and judgment is rendered in such court against the guardian and his surety for such shortage, and the surety pays the amount thereof to the county judge, before whom the guardianship proceedings were pending, and such judge fails to account to said minor for such fund, held, the surety on the official bond of the county judge is not liable therefor for the reason that the fund did not come into the hands of such county judge by virtue of his office."

The opinion in that case quotes from Pittman v. State, 59 Okla. 270, 158 Pac. 1137, and Southwest Surety Insurance Co. v. Neal, supra, and, as we view it, determines the contentions presented by each of the parties to this appeal.

We are of the opinion and hold that the facts in the present case bring it within the rule announced in the cases cited and relied upon by the plaintiffs in error, and support their contention; therefore, the judgment of the trial court against Milas Lasater and Jack Florence, plaintiffs in error, is reversed, and the cause remanded, with directions to render judgment in their favor.

BENNETT, TEEHEE, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Judges," 33 C. J. §120, p. 985, n. 90, 91.